**Robert K. Meyer, OSB No. 086470**
robert@oregonworkplacelaw.com
**Michael Owens, OSB No. 104720**
mike@oregonworkplacelaw.com
MEYER STEPHENSON
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SUSAN ARNOLD**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**CONCENTRA HEALTH SERVICES, INC.**, a Nevada corporation, and **AMAZON.COM SERVICES, LLC**, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No. 3:22-cv-01358<br><br>**COMPLAINT**<br><br>ORS 654.062, ORS 659A.199, ORS 659A.030(1)(f), (g), Wrongful Discharge<br><br>DEMAND FOR JURY TRIAL |

**PARTIES, JURISDICTION & VENUE**

1.

Plaintiff is an individual who resides in Oregon.

Page 1　　**COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

2.

Defendant Concentra Health Services, Inc. ("Concentra"), is a corporation formed under the laws of the State of Nevada.

3.

Defendant Amazon.com Services LLC is a limited liability company formed under the laws of the State of Delaware. On information and belief, Amazon.com Services LLC is a wholly owned or majority-owned subsidiary of, and joint and integrated enterprise with, Amazon.com, Inc., a corporation formed under the laws of the State of Delaware. Amazon.com Services LLC and Amazon.com, Inc. are herein referred to collectively as "Amazon."

4.

At all material times, Concentra was Plaintiff's employer, and Plaintiff was employed in the State of Oregon. On information and belief, Amazon was Plaintiff's joint employer because of its joint right to control Plaintiff's employment with Concentra. In the alternative, if Amazon was not Plaintiff's employer, it aided and abetted Concentra's unlawful actions as described below. Concentra and Amazon are herein referred to collectively as "Defendants."

5.

This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as no parties are citizens of the same state and the amount in controversy exceeds $75,000.

6.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon, Portland Division.

Page 2   **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## FACTUAL ALLEGATIONS

7.

Plaintiff is a registered nurse who was hired by Concentra on or about August 28, 2020, to do COVID-19 testing at Amazon's PDX9 location in Troutdale, Multnomah County, Oregon, for the benefit of Amazon's employees. Plaintiff began work on or about September 14, 2020.

8.

Plaintiff was informed at the start of her employment by Defendants that her employment was likely to last at least six months.

9.

During her employment, Plaintiff raised health and safety concerns to Amazon and Concentra regarding both the unsafe workplace and the testing procedure itself being unsafe.

10.

Plaintiff's health and safety reports included, but were not limited to: (1) that the facilities operated by Defendants were unsafe in temperature; (2) that the condition of Defendants' facilities contributed to further safety problems by making the use of personal protective equipment difficult or impossible; and (3) that Defendants' workers were engaged in behavior that contributed to the likely spread of COVID, including while being tested for COVID, and that Defendants were not taking sufficient action to correct the behavior.

11.

Plaintiff also reported to Concentra and Amazon that she had been harassed by one or more of Defendants' employees after she had attempted to establish safe working conditions.

Page 3    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

12.

Plaintiff reported her safety concerns related to the testing procedure at Amazon on or about December 1, 2020, to Concentra management. Concentra management responded by saying, "Maybe you are not a good fit."

13.

After both Amazon and Concentra ignored her reports of health and safety concerns, Plaintiff sent an email to Jeff Bezos ("Bezos"), who was at the time the Chief Executive Officer of Amazon, on or around December 16, 2020, reporting her health and safety concerns related to the Amazon workplace and testing practices.

14.

On or around December 17, 2020, Plaintiff received an email from an "escalations investigator" at Amazon in reply to her December 16 email to Bezos. The investigator indicated that he had received Plaintiff's "feedback and ideas" and had "shared it with appropriate Operations, HR, and Safety Leadership at your site for review and appropriate handling."

15.

Shortly after reporting her safety concerns in an email to Bezos, Plaintiff was informed that her contract with Concentra and her placement with Amazon would be ending at the beginning of 2021.

16.

Defendants informed Plaintiff that her contract was ending because Amazon would no longer be conducting COVID testing. Plaintiff knew this excuse was untrue given the amount of testing kits that Amazon had ordered.

Page 4    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

17.

Plaintiff subsequently learned from a Concentra manager that Concentra was actively looking for her replacement as Amazon was unhappy with Plaintiff.

18.

Plaintiff's employment was terminated on or about January 16, 2021, for alleged "unsatisfactory performance." On information and belief, Concentra and Amazon jointly decided to terminate Plaintiff's employment, or in the alternative, either Concentra or Amazon decided to terminate Plaintiff's employment with the assistance, encouragement, compulsion, or inducement of the other.

19.

As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages including but not limited to: lost wages and employment benefits; loss of seniority; anxiety, pain, suffering, and mental and emotional distress; and harm to her employment reputation and prospects.

20.

On or around June 14, 2021, Plaintiff filed a complaint of unlawful employment practices against Defendants with the Oregon Bureau of Labor and Industries ("BOLI"). On June 14, 2022, BOLI issued Plaintiff a notice of right to file a civil suit against Defendants. This action now follows.

Page 5        **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## CLAIMS FOR RELIEF
## AGAINST ALL DEFENDANTS

### First Claim for Relief
### ORS 654.062(5)
### Retaliation for Reporting Unsafe Working Conditions

21.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

22.

Oregon law prohibits discriminating against an employee because the employee reported in good faith conduct that created an unsafe or unhealthy workplace environment. ORS 654.062(5).

23.

Defendants violated ORS 652.062(5) by, without limitation, subjecting Plaintiff to adverse employment action, including termination, because she reported and opposed unsafe and unsanitary working conditions and practices in Defendants' facilities and among Defendants' employees.

### Second Claim for Relief
### ORS 659A.199
### Whistleblower Retaliation

24.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

25.

ORS 659A.199(1)(a) provides:

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard

to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

26.

Defendants violated ORS 659A.199 because, based in substantial part Plaintiff's good faith reports of unsafe and unlawful working conditions, Defendants subjected Plaintiff to adverse terms and conditions of employment and terminated Plaintiff's employment.

### Third Claim for Relief
### ORS 659A.030(1)(f)
### Retaliation for Opposing Unlawful Employment Practice(s)

27.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

28.

ORS 659A.030(1)(f) provides that it is an unlawful practice:

> For any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so.

29.

Defendants violated ORS 659A.030(1)(f) by, without limitation, subjecting Plaintiff to adverse employment action, including harassment and termination, because she opposed Defendants' unlawful work conditions and hostile work environment that resulted from her reports of safety concerns.

Page 7     **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

### Fourth Claim for Relief
### ORS 659A.030(1)(g)
### Aiding and Abetting an Unlawful Employment Practice

30.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

31.

ORS 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

32.

Defendants violated ORS 659A.030(1)(g) by, without limitation, aiding and abetting each other in the unlawful employment practices under Chapter 659A described in the other claims for relief, including subjecting Plaintiff to adverse terms and conditions of employment, on the Plaintiff's opposition to unsafe working conditions.

### Fifth Claim for Relief
### Wrongful Discharge

33.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

34.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

35.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff for reporting working conditions and practices that were unsafe

Page 8    **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

or unsanitary. This public policy is embodied in the common law, statutes, and regulations of the United States and the State of Oregon including, but not limited to ORS 654.062.

36.

Defendants subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of Plaintiff's reports of unsafe or unsanitary working conditions and practices.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following judgments against Defendants:

(a) Economic damages, including for lost wages, in an amount to be determined at trial, but not less than $175,000;

(b) Non-economic damages, including for pain, suffering, and emotional distress, in an amount to be determined at trial, $200,000;

(c) Punitive damages in an amount to be determined at trial;

(d) Reasonable costs and attorney fees, on every claim for which such judgment is available, and specifically pursuant to ORS 20.107, ORS 654.062(6), and ORS 659A.885;

(e) Equitable relief as the Court finds appropriate, including but not limited to back pay and a permanent injunction enjoining Defendants from engaging in any employment practice which discriminates on the bases as alleged in this Complaint;

(f) Prejudgment and post-judgment interest as appropriate and allowed by law;

Page 9   **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

(g) On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable timeframe;

(h) All such other relief as this Court may deem proper.

DATED: September 9, 2022      MEYER STEPHENSON

*s/ Michael Owens*
Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
Michael Owens, OSB No. 104720
mike@oregonworkplacelaw.com

*Attorneys for Plaintiff*

Page 10   **COMPLAINT**

MEYER STEPHENSON
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022